IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER HARPER, ) | |
| ) | |
| Plaintiff, ) | No. 13 C 2110 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| ANITA ALVAREZ, IN HER OFFICIAL ) | |
| CAPACITY AS STATE'S ATTORNEY OF ) | |
| COOK COUNTY, ) | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Peter Harper filed a complaint alleging that Defendant Anita Alvarez, in her official capacity as State's Attorney of Cook County, is currently violating his civil rights by prosecuting him for alleged violations of the Illinois Aggravated Unlawful Use of a Weapon statute, 720 ILCS 5/24-1.6, a statute recently found unconstitutional by the Seventh Circuit Court of Appeals in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). Harper alleges in his Complaint that in light of *Moore*, the State's Attorney's prosecution under to the AUUW statute is unconstitutional and in violation of his Second Amendment right to bear a firearm in public. Harper seeks, pursuant to 42 U.S.C. § 1983, to have the State's Attorney and her Assistant State's Attorneys enjoined from prosecuting him for the alleged offense. The State's Attorney moves to dismiss Harper's Complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), for lack of subject matter jurisdiction or, alternatively, for failure to state a claim pursuant to Rule 12(b)(6). For the reasons stated below, the Court grants the State's Attorney's Motion to Dismiss pursuant to Rule 12(b)(1) and denies as moot the State's Attorney's Motion for failure to state a claim.

1

**STATEMENT OF FACTS**

The following facts are taken from Harper's Complaint and, for the purposes of reviewing the State's Attorney's Rule 12(b)(6) Motion to Dismiss, are assumed to be true for purposes of this Motion to Dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). All reasonable inferences are drawn in favor of Harper, the non-moving party. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). However with respect to the State's Attorney's Motion to Dismiss pursuant to Rule 12(b)(1), the court "is not bound to accept the truth of the allegations in the complaint" and "may properly look to evidence beyond the pleadings …." *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679 (7th Cir. 1998)).

Harper was arrested on October 11, 2011 for carrying a firearm. (Complaint, ¶ 7.) Shortly thereafter, he was charged with seven counts of Aggravated Unlawful Use of a Weapon, allegedly in violation of 720 ILCS 5/24-1.6. (*Id.*) He was not accused of discharging or using a weapon in any way other than carrying it for purposes of self-defense. (*Id.* ¶ 7.) The prosecution of Harper in state court is ongoing and is entitled *People of the State of Illinois v. Harper*, 11 CR 17566. (*Id.* ¶ 9.) The case is currently pending in the Circuit Court of Cook County, Criminal Division, before Judge Jorge Alonso. (*Id.* ¶ 9; Dkt. 11-1.)

On December 11, 2012, the Court of Appeals for the Seventh Circuit found that Illinois' ban on carrying guns in public, including 720 ILCS 5/24-1.6, violated the Second Amendment of the United States Constitution. *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). The *Moore* court directed the Illinois legislature to "craft a new gun law that will impose reasonable

limitations, consistent with the public safety and the Second Amendment as interpreted in [its] opinion, on the carrying of guns in public." *Id.* at 942. The Court also directed the district court to enter permanent injunctions regarding the Illinois gun statute against Illinois Attorney General Lisa Madigan, State's Attorney Tyler Edmonds, and Sheriff Livesay, the latter two of Union County, Illinois. (Complaint, ¶ 8.) Anita Alvarez, the Defendant here, was not a named defendant in *Moore*. (*Id.*)

Relying on the Second Amendment and *Moore*, Harper asks for an order enjoining the State's Attorney and her Assistant State's Attorneys from prosecuting the ongoing criminal case against him. (*Id.* ¶ 1.) Harper alleges that he has suffered and will continue to suffer irreparable harm due to being "unjustly prosecuted under an unconstitutional law, facing possible incarceration and by being prevented from carrying a firearm for his personal defense." (*Id.* ¶12.) Harper has also filed motions to dismiss based on the Second Amendment and *Moore* in his state court case. (Complaint, ¶ 9.)

## **STANDARD OF REVIEW**

The Court may abstain from interfering with an ongoing state criminal prosecution pursuant to *Younger v. Harris*, 401 U.S. 37, 52–54 (1971). Because *Younger* abstention concerns whether courts should exercise jurisdiction that they have over the parties' claims, a motion to dismiss on *Younger* grounds may properly be brought before the Court as a Rule 12(b)(1) motion to dismiss for lack for lack of subject matter jurisdiction. *See FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) ("*Younger* generally requires federal courts to *abstain from taking jurisdiction over federal* constitutional claims that involve or call into question ongoing state proceedings) (emphasis added); *see also Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) ("The *Younger* abstention doctrine, as it has evolved, provided that federal

courts *should abstain from exercising jurisdiction* when" certain conditions of the doctrine are satisfied) (emphasis added); *see, e.g., Powell v. Saddler*, No. 12 C 2928, 2012 WL 3880198, at *3 (N.D. Ill. Sept. 6, 2012); *City of New York v. Milhelm Attea & Bros., Inc.*, 550 F.Supp.2d 332, 341 (E.D.N.Y. 2008) ("A motion to dismiss based on an abstention doctrine is … considered as a motion made pursuant to Rule 12(b)(1)."). The following three-part test has emerged for determining whether abstention under *Younger* is appropriate: (1) the judicial or judicial in nature state proceedings must be on-going; (2) the proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state court proceeding to raise constitutional challenges." See *Trust & Inv. Advisers, Inc. v. Hogsett,* 43 F.3d 290, 295 (7th Cir.1994). When the Court is confronted with situations that clearly implicate the *Younger* principles, the Court must abstain. *Id.*

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true the complaint's well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. *Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670). To properly state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To prevent dismissal under Rule 12(b)(6), the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *Id.*

# DISCUSSION

As a general rule, a federal proceeding is not barred by a pending state court action concerning the same matter. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). However, the Supreme Court recognized an exception to this general precept in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, a plaintiff brought a federal action challenging the constitutionality of a state criminal statute under which he was being charged in a pending proceeding. 401 U.S. at 38–39. The plaintiff sought equitable relief enjoining the state proceeding. *Id.* at 39. Observing that the plaintiff had a full and fair opportunity to litigate the constitutional claim before the state court, the Supreme Court held that the federal courts should abstain from granting relief in a pending state court enforcement action. *Id.* at 53.

The *Younger* abstention doctrine born from that case "requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Seventh Circuit explained the rationale for *Younger* abstention in *Forty One News, Inc. v. County of Lake*, 491 F.3d 662 (7th Cir. 2007):

> *Younger* abstention ensures that individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts. "[I]f a person is believed to have violated a state law, the state has instituted a criminal disciplinary or other enforcement proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense is a basis for enjoining a state proceeding.

*Id.* at 665 (citing *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)).

Nevertheless, federal intervention in a state court proceeding is appropriate when: "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions …." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007) (internal citations omitted).

Abstention pursuant to *Younger* is appropriate in this case. First, it is undisputed that *People v. Harper*, 11 CR 17566, is an ongoing state proceeding. Second, as this Court has previously held, "Illinois Courts have a significant interest in criminal proceedings." *Kincaid v. Brown*, No. No. 07 C 2759, 2007 WL 4247183, at *3 (N.D. Ill. Nov. 30, 2007) (citing *Younger*, 401 U.S. at 46); *see also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing *Younger*, 401 U.S. at 44–45); *Rose v. Mitchell*, 443 U.S. 545, 585 (1979) ("Nowhere has 'a proper respect for state functions' been more essential to our federal system than in the administration of criminal justice."); *see, e.g., Young v. City of Peoria*, No. 12-1086, 2012 WL 5305217, at *3 (C.D. Ill. Oct. 25, 2012) (abstention under *Younger* appropriate where criminal case in state court involved unlawful possession of a firearm by a felon because the "ongoing state court criminal proceeding … implicate[d] Illinois' important interest in protecting citizens from criminal activity"); *cf Fuery v. City of Chicago*, No. 07 C 5428, 2008 WL 4874055, at *4 (N.D. Ill. June 18, 2008) ("[T]he state has an interest in ensuring the safety of its citizenry and the plaintiffs' criminal battery trial implicates this important state concern."). Third, there is no indication that the state proceedings do not afford

Harper an adequate opportunity to assert the legal claims presented in this case. *See Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986) ("[S]tate courts are just as able to enforce federal constitutional rights as federal courts."). In fact, Harper admits in his Complaint that he has moved in the state court proceedings to dismiss the charges against him pursuant to *Moore* and the Second Amendment. (Complaint, ¶ 9.) Thus all three affirmative requirements of *Younger* are met.

Harper argues that he is entitled to relief from this Court because a contrary result would "allow a government official to violate the Right to Bear Arms in the Second Amendment to the U.S. Constitution." (Reply Brief, p. 1.) According to Harper, the circumstances of his case are distinct from those in *Younger* and the other cases relied upon by the State's Attorney because the cited cases do not involve attempts to prosecute a defendant under a statute previously found unconstitutional. While Harper does not refer to the *Younger* framework in making this argument (indeed he ignores the *Younger* doctrine entirely in his response to the State's Attorney's motion), his position, properly construed, is essentially that extraordinary circumstances warranting an exception to *Younger* exist because the Illinois AUUW statute is "flagrantly and patently violative of express constitutional prohibitions" in light of *Moore*. *Stroman*, 505 F.3d at 664.

Federal district and circuit court decisions regarding the constitutionality of Illinois statutes are not binding on the state courts of Illinois. *City of Chicago v. Groffman*, 368 N.E.2d 891, 894 (Ill. 1977) (citing *Illinois Federation of Teachers v. Lindberg*, 326 N.E.2d 749 (Ill. 1975), and *People v. Stansberry*, 268 N.E.2d 431 (Ill. 1971)); *see also United States ex rel. Lawrence v. Woods*, 432 F.2d 1072, 1076 (7th Cir. 1970), *cert. denied,* 402 U.S. 983 (1971) ("[B]ecause lower federal courts exercise no appellate jurisdiction over state tribunals, decision

of lower federal courts are not conclusive on state courts."); *People v. Harris*, 544 N.E.2d 357, 376 (Ill. 1989) ("Until the Supreme Court of the United States has spoken, State courts are not precluded from exercising their own judgment on Federal constitutional questions. Because lower Federal courts exercise no appellate jurisdiction over State courts, decisions of lower Federal courts are not conclusive on State courts, except insofar as the decision of the lower Federal court may become the law of the case."); *Traveler's Ins. Co. v. Eljer Mfg., Inc.*, 757 N.E.2d 481, 496–97 (Ill. 2001) (stating that under *Groffman*, the Illinois Supreme Court is not bound to follow a Seventh Circuit decision in a federal declaratory judgment action in which the Seventh Circuit considered the same contract at issue in the Illinois case); *Lynch v. Sandahl*, 793 F.Supp. 787, 795, n. 4 (N.D. Ill. 1992) ("[T]he Illinois Supreme Court has never felt compelled to accept the decisions of lower federal courts, even respecting federal constitutional questions."); *cf Lindh v. Murphy*, 96 F.3d 856, 869 (7th Cir. 1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320 (1997) ("A conflict between decisions of the Seventh Circuit and Supreme Court of Wisconsin would not authorize issuance of a writ under § 2254(d)(1). State courts must knuckle under to decisions of the Supreme Court, but not of this court."). Thus, despite Harper's insistence that *Moore* is "controlling precedent," Illinois courts remain free to determine for themselves whether the Illinois AUUW statute is constitutional. *Groffman*, 368 N.E.2d at 894 ("With all due deference to the United States Court of Appeals and to its decision, we are constrained to act within this principle [that "decisions of Federal courts, except of course the United States Supreme Court, are not binding upon the courts of Illinois"] and to state our own ideas and reach our own independent result.") (quoting *City of Chicago v. Groffman*, 354 N.E.2d 572, 577 (Ill. App. Ct. 1976)).

Turning to Illinois law, numerous Illinois Appellate Courts have held, contrary to *Moore*, that the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010), do not extend to laws prohibiting the possession of firearms in public and therefore the Illinois UUW and AUUW statutes do not violate the Second Amendment. *See People v. Robinson*, 964 N.E.2d 551, 556 (Ill. App. Ct. 2011) ("[W]e find the State did not violate the second amendment when it enforced the UUW statute and applied it to the defendant's acts in this case."); *People v. Alvarado*, 964 N.E.2d 532, 546 (Ill. App. Ct. 2011) ("[W]e hold that the provision of the AUUW statute at issue in this case does not violate the constitutional protection of the right to bear arms."); *People v. Mimes*, 953 N.E.2d 55, 70, 77 (Ill. App. Ct. 2011) ("[D]efendant's AUUW conviction must stand because the challenged statutory provisions do not violate either the second amendment or the Illinois constitution."); *People v. Aguilar*, 944 N.E.2d 816, 819 (Ill. App. Ct. 2011) (Illinois' UUW "statute does not violate the defendant's Second Amendment rights because it is substantially related to this important governmental objective and the fit between the [UUW] statute and the governmental objective was reasonable.")[1]; *People v. Williams*, 940 N.E.2d 95, 99 (Ill. App. Ct. 2010) ("[W]e agree with and adopt the holding of [*Dawson*], that this Illinois statute limiting the right of citizens to carry, outside of their homes and on their persons or in their vehicles, loaded and accessible firearms does not violate the second amendment."); *People v. Dawson*, 934 N.E.2d 598 (Ill. App. Ct. 2010) ("The AUUW statute specifically excludes possession of a firearm in one's abode from its proscriptions … and therefore does not implicate the fundamental right to keep and bear arms in one's home for self-defense."), *overruled in part on other grounds*

---

[1] The Illinois Supreme Court has granted a petition for leave to appeal in *People v. Aguilar* and the case remains pending before that court. 949 N.E.2d 1099 (Ill. 2011).

in *People v. Aguilar*, 944 N.E.2d 816 (Ill. App. Ct. 2011), and *People v. Mimes*, 953 N.E.2d 55 (Ill. App. Ct. 2011).

The Seventh Circuit's holding in *Moore* has not persuaded Illinois courts to hold otherwise. In *People v. Tamar Moore*, 987 N.E.2d 442 (Ill. App. Ct. 2013), Illinois Appellate Court for the First District specifically stated that it did "not find the Seventh Circuit's reasoning in *Moore* persuasive" and did "not agree with the Seventh Circuit that the right to self-defense delineated in *Heller* and *McDonald* encompasses a right to carry a loaded, readily accessible firearm in public areas." *Id.* at 446 ("[*Moore*] is not binding on Illinois courts. Without a ruling from the United States Supreme Court, a split often exists between lower federal courts. As the United States Supreme Court has not yet ruled on this question, the Seventh Circuit's decision in *Moore* constitutes at most persuasive authority.") (internal citations omitted). Therefore, without a holding from the United States Supreme Court or the Supreme Court of Illinois finding proscriptions against the possession of firearms outside of the home unconstitutional, this Court cannot conclude that Harper's prosecution in the state court proceeding is "flagrantly and patently violative of express constitutional prohibitions." *Compare Schlagler v. Phillips*, 166 F.3d 439, 443 (2d Cir. 1999) (holding that federal district court improperly enjoined state court prosecution in violation of the *Younger* abstention doctrine where the defendant was being prosecuted under a statute declared unconstitutional by a state appellate court, finding that "[t]he bad faith exception to *Younger* might apply if, prior to Phillips' prosecution of Schagler, the *New York Court of Appeals or the United States Supreme Court* had conclusively determined that [the statute] was unconstitutional") (emphasis added), *with Jefferson v. Rose*, 869 F.Supp.2d 312, 319 (E.D.N.Y. 2012) (district court not precluded by *Younger* from ordering preliminary injunction prohibiting enforcement of New York statute under § 1983 where statute was declared

unconstitutional by the Second Circuit twenty years prior, the unconstitutionality was recently recognized by a New York State Supreme Court, and the state legislature repealed the law shortly thereafter).

Harper maintains that the issue of Court's subject matter jurisdiction over his claim is "well settled" in light of the fact that the district court and Seventh Circuit in *Moore*, a case that according to Harper is "factually and legally identical" to his, found that it had subject matter jurisdiction to hear the plaintiff's constitutional claims. This argument ignores entirely Harper's pending state court prosecution and the implications of that proceeding, insofar as this Court's jurisdiction, under the *Younger* doctrine. Although the plaintiffs in *Moore* and *Shepard et al v. Madigan et al* (the case consolidated with *Moore* on appeal), like Harper, challenged the constitutionality of the Illinois UUW statute, they were not being criminally prosecuted in a pending state court case under the statutes from which they sought declaratory relief. Thus, *Moore* is neither factually nor legally similar to this case.

As the three elements of *Younger* abstention are satisfied with no extraordinary circumstances warranting an exception, the Court declines to exercise its subject matter jurisdiction over Harper's claim.

## **CONCLUSION AND ORDER**

For the reasons stated, the State's Attorney's Motion to Dismiss pursuant to Rule 12(b)(1) is granted. Because the Court has declined to exercise subject matter jurisdiction over Harper's complaint pursuant to *Younger v. Harris*, the State's Attorney's Motion to Dismiss for failure to state a claim is denied as moot.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

11

Date: July 16, 2013